Michael SPARKS et al., Petitioners-Appellants,

v.

Ronald FULLER, etc., Respondent-Appellee.

Ashley A. FLAGG, Petitioner-Appellant,

v.

Joseph C. VITEK, etc., Respondent-Appellee.

Michael J. CRONIN, Petitioner-Appellant,

v.

Ronald FULLER, etc., Respondent-Appellee.

Nos. 74-1290, 74-1213, 74-1267.

United States Court of Appeals, First Circuit.

Submitted Oct. 9, 1974.

Decided Nov. 21, 1974.

Michael Sparks, Lawrence D. Conklin and Ashley A. Flagg, on brief pro se.

Warren B. Rudman, Atty. Gen., David W. Hess, Asst. Atty. Gen. and Gregory H. Smith, Concord, N. H., on brief for respondents-appellees.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

The court takes the occasion of these three appeals from dismissal of prisoner complaints to indicate the kind of frivolous claim which, to the extent that it occupies the time of courts, can only impede the consideration of substantial claims. It is clear that the district court in each of these cases was correct in its treatment of the pro se claim.

We are cognizant of the importance of smaller liberties in the prison context, Palmigiano v. Baxter, 487 F.2d 1280 (1st Cir.), vacated and remanded on other grounds, 418 U.S. 908, 94 S.Ct. 3200, 41 L.Ed.2d 1155 (1974), and have frequently indicated strict adherence to the requirement that pro se complaints be treated in accord with the dictates of Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972) and Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1971), which require liberal construction and exploration of disputed issues of fact central to constitutionally recognized claims by way of affidavit or, if necessary, evidentiary hearing.

But there are limits to what complaints will be recognized in any context and in a prison setting "there must be [a] mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). The complaints at issue here do a disservice to the prisoners' own cause. Assuming all the allegations to be true, they fail to describe conditions approaching what we or other courts have as yet treated as

cruel or unusual punishment. They list extremely minor inconveniences without any allegations of purposeful discrimination, malicious intent or denial of process seriously believed to be due. They do not even allege the imposition of the described conditions or deprivations as punishment. *See* O'Brien v. Moriarty, 489 F.2d 941 (1st Cir. 1974).

Our hope is that by setting forth what we regard as examples of complaints that must be resolved within the prison system, we will discourage similar suits and enable the courts to focus on serious and important claims of prisoners. The first claim, presented in Sparks v. Fuller, seeks an "injunction restraining [the Warden] from evicting 'Sneakers,' 'Rastus,' 'Socrates' . . . from the New Hampshire State prison without procedural due process in the form of adequate hearing." The named evictees are cats and the prisoners claim to have a right under § 1983 to prevent the warden from permitting certain animals to remain as pets while requiring others to be removed. To recite the claim is to refute it. No prisoner right is remotely affected; the cats were first obtained without consent; and both sanitary requirements and prison order are implicated. This is a clear example of a condition that comes within the category of the general management of the prison and must remain within the warden's discretion. Palmigiano v. Baxter, *supra,* 487 F.2d at 1283.

The complaint in Cronin v. Fuller alleges: "If it were not for [petitioner's] personal clothing he would be forced to go naked or wear only the one suit of clothes that the administration has provided and be forced to wash them out at night in his cell so that they would be clean in the morning." The petitioner apparently feels that the prison authorities have an obligation to issue him certain kinds and quantities of clothing. Absent an allegation that the prisoner was in any way seriously affected by this failure—here the harm alleged is totally speculative—the claim cannot be recognized in the federal courts. This is again a matter that falls within the discretion of the prison authorities.

In Flagg v. Vitek the prisoner brought suit to require prison authorities to repair a toilet which was out of order for three days in April. The suit was heard in June. There were no allegations of intent, purposeful discrimination or extreme neglect. The relief sought, repair of the malfunction, had already been provided. A deprivation of sanitary necessities may give rise to a claim of cruel and unusual punishment. *See, e. g.,* O'Brien v. Moriarty, *supra.* But prevention or instantaneous repair may be impossible. In this case, there was nothing that the court could provide the prisoner. His need to voice his claim could appropriately be satisfied within the prison system.

Affirmed.