Salvatore G. CRISAFI, Appellant,

v.

George E. HOLLAND, et al.

No. 81–1315.

United States Court of Appeals,
District of Columbia Circuit.

June 17, 1981.

Before WRIGHT, WALD and GINS-BURG, Circuit Judges.

PER CURIAM.

This is an appeal from dismissal of a *pro se* prisoner's *in forma pauperis* civil action. To secure the just and effective processing of similar cases filed *in forma pauperis* pursuant to 28 U.S.C. § 1915,[1] we present in

---

1. Section 1915, titled "Proceedings in forma pauperis," provides in its entirety:

(a) Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

(b) Upon the filing of an affidavit in accordance with subsection (a) of this section, the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceed-

this opinion guides for district court adjudication.

Salvatore Crisafi, currently a federal penitentiary inmate, complains in this action of alleged deprivations of his constitutional right to meaningful access to courts. He asserts, *inter alia*, that correction officials arbitrarily curtailed his use of a law library, and denied his requests for writing paper, envelopes, and stamps. The district court granted him leave to file his *pro se* complaint without prepayment of costs. Simultaneously, the court dismissed the complaint, endorsing on the pleading "Dismissed 28 USC 1915(d)."[2] The court noted in the margin the civil action numbers of six cases Crisafi had filed in the past three years. No further explanation was provided. The district court then denied leave to appeal *in forma pauperis*, certifying without a statement of reasons that Crisafi's challenge was "frivolous and not taken in good faith."[3]

We conclude that Crisafi has stated a claim for relief not susceptible to threshold dismissal. We therefore grant him leave to appeal *in forma pauperis*, reverse the dismissal of his complaint, and remand the case to the district court for further proceedings consistent with this opinion.

28 U.S.C. § 1915(a) permits federal courts to authorize the maintenance of an action without prepayment of fees and costs (*"in forma pauperis"*) by a person "who makes [an] affidavit that he is unable to pay such costs or give security therefor." This provision[4] "is intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, 'in any court of the United States' solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342, 69 S.Ct. 85, 90, 93 L.Ed.2d 43 (1948).

At the same time, Congress stipulated that a court may dismiss an *in forma pauperis* proceeding if satisfied that the action is "frivolous or malicious." 28 U.S.C. § 1915(d). Section 1915(d), however, provides no basis for "cursory treatment of meritorious complaints." *McTeague v. Sosnowski*, 617 F.2d 1016, 1019 (3d Cir. 1980). Discretion to dismiss "may not be exercised

ings before a United States magistrate in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

(c) The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

(d) The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

(e) Judgment may be rendered for costs at the conclusion of the suit or action as in other cases, but the United States shall not be liable for any of the costs thus incurred. If the United States has paid the cost of a stenographic transcript or printed record for the prevailing party, the same shall be taxed in favor of the United States.

2. Section 1915(d) authorizes dismissal "if the allegation of poverty is untrue, or if [the court is] satisfied that the action is frivolous or malicious."

3. Section 1915(a) states that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Defining the "good faith" standard applicable in this context, the Supreme Court has instructed:

In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous. *Farley v. United States*, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529. The good-faith test must not be converted into a requirement of a preliminary showing of any particular degree of merit. Unless the issues raised are so frivolous that the appeal would be dismissed in the case of a nonindigent litigant, Fed.Rules Crim.Proc. 39(a), the request of an indigent for leave to appeal *in forma pauperis* must be allowed.

*Ellis v. United States*, 356 U.S. 674, 674–75, 78 S.Ct. 974, 974–75, 2 L.Ed.2d 1060 (1958).

4. The original statute was enacted in 1892. Act of July 20, 1892, ch. 209, 27 Stat. 252.

arbitrarily and is limited . . . in every case by the language of the statute itself which restricts its application to complaints found to be 'frivolous or malicious.' " *Boyce v. Alizaduh*, 595 F.2d 948, 951 (4th Cir. 1979).

The district court did not state on what basis it found Crisafi's complaint frivolous or malicious and did not supply the statement of reasons required by Rule 24(a), Fed.R.App.P., in denying leave to proceed on appeal *in forma pauperis.*[5] We therefore set out below illustrative situations in which an *in forma pauperis* pleading properly may be dismissed as "frivolous or malicious," and state why immediate dismissal of Crisafi's complaint was unwarranted.

"In determining whether a particular . . . complaint is frivolous or malicious under Section 1915(d), the threshold issue for the trial court is an assessment of the substance of the claim presented, i. e., is there a factual and legal basis . . . for the asserted wrong, however inartfully pleaded." *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976). *See Collins v. Hladky*, 603 F.2d 824, 825 (10th Cir. 1979). A complaint must indicate facts in support of its conclusions.[6] In *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), for example, the Supreme Court held that "[i]n order to state a cognizable claim [of medical mistreatment under the Eighth Amendment], a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." A court may dismiss as frivolous complaints reciting bare legal conclusions with no sug-

---

5. Rule 24(a), Fed.R.App.P., provides:

   Leave to Proceed on Appeal in Forma Pauperis from District Court to Court of Appeals. A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave so to proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, his inability to pay fees and costs or to give security therefor, his belief that he is entitled to redress, and a statement of the issues which he intends to present on appeal. If the motion is granted, the party may proceed without further application to the court of appeals and without prepayment of fees or costs in either court or the giving of security therefor. *If the motion is denied, the district court shall state in writing the reasons for the denial.*

   Notwithstanding the provisions of the preceding paragraph, a party who has been permitted to proceed in an action in the district court in forma pauperis, or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization unless, before or after the notice of appeal is filed, the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed, in which event *the district court shall state in writing the reasons for such certification or finding.*

   If a motion for leave to proceed on appeal in forma pauperis is denied by the district court, or if the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled to proceed in forma pauperis, the clerk shall forthwith serve notice of such action. A motion for leave so to proceed may be filed in the court of appeals within 30 days after service of notice of the action of the district court. *The motion shall be accompanied by a copy of the affidavit filed in the district court, or by the affidavit prescribed by the first paragraph of this subdivision if no affidavit has been filed in the district court, and by a copy of the statement of reasons given by the district court for its action.*

   (Emphasis added).

   As Judge Tamm has explained, the statement of reasons required by Rule 24(a) is not a *pro forma* matter. The rule calls for "more than a simple conclusion":

   If the denial of leave to appeal is because appellant cannot be deemed in good faith because his claim is frivolous, the statement of reasons should explain why the claim is frivolous. If the finding rests on considerations of fact, appropriate record citations might be given. If it rests on a matter of law, the general reasoning and relevant cases should be indicated.

   *Davis v. Clark*, 404 F.2d 1356, 1357–58 (D.C. Cir.1968) (separate opinion).

6. The Fifth Circuit has approved the use of a questionnaire prior to service of process to ascertain and sharpen factual bases for prisoners' complaints. *Watson v. Ault*, 525 F.2d 886 (5th Cir. 1976). *See also* Federal Judicial Center, Recommended Procedures for Handling Prisoner Civil Rights Cases in the Federal Courts 60 (January 1980) ("If the defect in the complaint is reparable, the court should issue an order to show cause, permitting the plaintiff to respond and to amend. . . . In borderline cases, the court should not dismiss, but should let the case proceed and rule on a subsequent motion to dismiss if one is presented.").

gestion of supporting facts, or postulating events and circumstances of a wholly fanciful kind.[7] Similarly, "[a] complaint conflicting with facts of which the district court may take judicial notice might also properly be dismissed under Section 1915(d)." *Taylor v. Gibson*, 529 F.2d 709, 717 (5th Cir. 1976).

A *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court. For example, prisoner complaints alleging only "extremely minor inconveniences without any allegations of purposeful discrimination, malicious intent or denial of process seriously believed to be due" do not state a claim of cruel and unusual punishment under the Eighth Amendment. *Sparks v. Fuller*, 506 F.2d 1238, 1239 (1st Cir. 1974) (complaints requesting injunctive relief to prevent eviction of prisoners' pet cats, to require certain kinds and quantities of clothing, and to direct repair of a toilet out of order for three days properly dismissed as frivolous). For further illustrations, *see French v. Butterworth*, 614 F.2d 23 (1st Cir.) (complaint alleged constitutionally protected property interest in running health food dealership in prison), *cert. denied*, 446 U.S. 942 (1980); and *Pitts v. Griffin*, 518 F.2d 72 (8th Cir. 1975) (complaint against prison authorities for confiscation of multifrequency radio pursuant to prison regulations limiting radio use to AM frequency). Complaints of this genre, while they may be voiced within the prison system, are not appropriate fare for federal court resolution.

The named defendant must be amenable to suit. An *in forma pauperis* complaint is properly dismissed as frivolous prior to service of process if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted. *See Moore v. Burger*, 655 F.2d 1265 (D.C.Cir. 1981) (complaint against four Justices of Supreme Court for creating judicial precedents alleged to deny plaintiff his constitutional rights properly dismissed as frivolous); *Johnson v. Reagan*, 524 F.2d 1123 (9th Cir. 1975) (claims against legislators and judges properly dismissed as frivolous).

However, a unanimous Supreme Court has admonished that *pro se in forma pauperis* complaints must be read with tolerance: Dismissal is impermissible unless the court can say "with assurance that under the allegations of the *pro se* complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), reaffirmed in *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292.[8] The Fifth Circuit has cautioned:

---

**7.** However, a prisoner's factual allegations may not be brushed aside as "beyond belief" simply because they are controverted by a law enforcement officer. *See Taylor v. Gibson*, 529 F.2d 709, 716 (5th Cir. 1976).

**8.** In *Fries v. Barnes*, 618 F.2d 988 (2d Cir. 1980), the Second Circuit, reversing the dismissal of a state prisoner's complaint, emphasized that it had repeatedly cautioned against *sua sponte* dismissals of complaints alleging facts supporting a claimed civil rights violation, in advance of service on the adverse party and in the absence of answering papers. The Ninth Circuit, by contrast, held in a series of cases before *Haines v. Kerner* that a district court has "especially broad discretion" to dismiss a state prisoner's complaint seeking to prosecute *in forma pauperis* a civil rights claim against prison officials. *See, e. g., Shobe v. California*,

362 F.2d 545 (9th Cir.), *cert. denied*, 385 U.S. 887, 87 S.Ct. 185, 17 L.Ed.2d 115 (1966). The Ninth Circuit has repeated this language since *Haines v. Kerner*, *see Milton v. Nelson*, 527 F.2d 1158, 1160 (9th Cir. 1975), and the "especially broad discretion" formulation has been quoted in other circuits. *See, e. g., Daye v. Bounds*, 509 F.2d 66, 68 (4th Cir.), *cert. denied*, 421 U.S. 1002, 95 S.Ct. 2404, 44 L.Ed.2d 671 (1975); *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975).

*Haines v. Kerner* was itself a civil rights action brought *in forma pauperis* by a state prisoner against prison officials. Nothing in that decision, or in the language of section 1915(d), justifies the position that prisoners' *pro se* complaints are to be treated in a fashion different from those of other litigants who seek to proceed *in forma pauperis*.

[J]udges must balance their misgivings and skepticism about the usual § 1983 prisoner suit against the cold knowledge that in certain instances injustices to prisoners occur in jails and prisons, some of which violate constitutional mandates. . . . [I]t is the responsibility of the courts to be sensitive to possible abuses in order to ensure that prisoner complaints, particularly *pro se* complaints, are not dismissed prematurely, however unlikely the set of facts postulated.

*Taylor*, 529 F.2d at 713. It has been held improper to dismiss, prior to service of process, a complaint that alleges violation of a prisoner's right to protection from assault by other prisoners, *Cline v. Herman*, 601 F.2d 374 (8th Cir. 1979); inaction that would constitute deliberate indifference to serious medical needs, *United States ex rel. Walker v. Fayette County*, 599 F.2d 573 (3d Cir. 1979); and punishment of a prisoner, without a hearing or notice of charges, by placement in isolation, denial of access to religious services, recreational activities, the law library, and his law books, denial of correspondence and visitation privileges, and confiscation of personal property, *Ibarra v. Olivarri*, 587 F.2d 677 (5th Cir. 1979).

■ Section 1915(d) also authorizes immediate dismissal of a complaint appropriately characterized as malicious. A complaint that threatens violence or that contains disrespectful references to the court falls in this category. *Cf. Theriault v. Silber*, 574 F.2d 197 (5th Cir. 1978) (striking notice of appeal containing disrespectful and impertinent references to the trial judge), *cert. denied*, 440 U.S. 917, 99 S.Ct. 918, 59 L.Ed.2d 468 (1979).

A complaint plainly abusive of the judicial process is properly typed malicious. "[N]o one, rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims. *See, e. g., Van Meter v. Morgan*, 518 F.2d 366 (8th Cir.) (affirming dismissal based on finding by district court that a prior complaint, then pending,

was based on same conduct by same defendant), *cert. denied*, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972) (approving trial court's dismissal of a complaint, prior to service of process, on the ground that the plaintiffs sought to relitigate issues already litigated), *cert. denied*, 410 U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973). For flagrant examples of abusive resort to the courts, *see Carter v. Telectron, Inc.*, 452 F.Supp. 944 (S.D.Tex.1977) in which the plaintiff (who had commenced 178 actions across the country in 15 years) had filed duplicative suits simultaneously in several courts, varied his citizenship allegations to invoke federal diversity jurisdiction, failed to serve defendants, made untrue allegations of poverty, and submitted papers raising the spectre of forgery.

■ But a complaint filed *in forma pauperis* is not subject to dismissal simply because the plaintiff is litigious. The number of complaints a poor person files does not alone justify peremptory dismissal. In each instance, the substance of the impoverished person's claim is the appropriate measure.

■ Turning to Crisafi's complaint, and applying the standard presented in *Haines v. Kerner*, it does not appear "beyond doubt that [Crisafi] can prove no set of facts in support of his claim which would entitle him to relief." Crisafi alleged that in September 1980 he was transferred from the federal penitentiary at Lewisburg to the D. C. Jail, that legal materials he brought along were taken from him at the jail, that he was denied reasonable access to the law library, and that his requests for writing paper, envelopes, and stamps were not granted. He attached to the complaint copies of several forms indicating requests made to officers at the jail. He also attached a response received from a jail authority; according to Crisafi it was the sole response to his multiple requests. The response stated: "Records show that the resident has been afforded opportunity to contact his attorney. Due to circumstances beyond our control writing paper and envelopes are in short supply throughout the

jail, making it impossible to supply items that we do not have." [9]

In *Bounds v. Smith*, 430 U.S. 817, 824–25, 97 S.Ct. 1491, 1496, 52 L.Ed.2d 72 (1977), the Supreme Court declared it "indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." The Court reaffirmed *Younger v. Gilmore*, 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971), holding that access to law libraries or, alternatively, to professional or quasi-professional legal assistance is constitutionally mandated. *Bounds*, 430 U.S. at 828–29, 97 S.Ct. at 1498.

We therefore discern no apparent justification for a threshold decision that Crisafi's complaint is bereft of a factual and legal basis for relief. The defendants are amenable to suit, and we detect no abuse of the judicial process on the face of the pleading, no apparent duplicity or lack of good faith.[10]

We offer no view as to the ultimate merits of Crisafi's complaint, nor do we suggest that a trial will be necessary. We have no doubt, however, that the instant unexplained dismissal of his action was incompatible with the governing statute.

■ This case illustrates the value of a clear statement of reasons by the district court when dismissing a complaint under 28

U.S.C. § 1915(d). Such a statement serves twin purposes: it insures that the district court has fully considered the complaint and the applicable law, and it informs the court of appeals and the parties of the grounds on which an action was found "frivolous or malicious." Mindful of the heavy workload of the district court, we do not at this time require a statement of reasons in every instance in which a case is dismissed under § 1915(d).[11] We do expect, however, that district court judges will endeavor to avoid unnecessary remands by supplying a cogent statement of reasons when the basis for a section 1915(d) dismissal is not evident on the face of the complaint, and by complying with Rule 24(a) when denying leave to proceed on appeal *in forma pauperis*.[12]

*Reversed and remanded.*

■

---

**9.** Crisafi submitted this complaint after his return to Lewisburg.

**10.** The claims Crisafi now attempts to present are not repetitive of the six prior complaints noted by the district court. Two of those complaints, Nos. 78–1450 and 80–0122, attempted to state tort claims against attorneys who formerly represented Crisafi, and another No. 78–2362, was directed against government officials and others whose alleged wrongful actions were claimed to have caused Crisafi's conviction. Two others, Nos. 79–2909 and 80–1853, were Freedom of Information and Privacy Act complaints. With the exception of the FOIA complaint, for which the filing fee was paid and which was transferred to the district court here at the request of the government, all of these prior complaints were dismissed *sua sponte* by the district court simultaneously with their filing. A sixth complaint, No. 81–0031, also unrelated to the instant action, was transferred to the Middle District of Pennsylvania.

**11.** *But cf. Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979) (apparently requiring a statement explaining each section 1915(d) dismissal); *Tatem v. United States*, 275 F.2d 894, 896 (D.C.Cir.1960) (Burger J.) (requiring statement of reasons for denial of leave to file petition for writ of habeas corpus *in forma pauperis*):

> To deny the right to file a petition for a writ of habeas corpus is an exercise of power so great in its impact on a petitioner that an appellate court must be able to ascertain the grounds for denial in order to fulfill its responsibility of review. It is therefore imperative that denial of leave to file the petition, or denial of the writ itself, be accompanied by an expression of the reasons for the denial either by informal memorandum, by recitals in an order, or by findings.

**12.** As Judge Tamm stated in *Davis*, 404 F.2d at 1358, "[s]uch a requirement is not onerous if the matter was dealt with in a conscientious manner in passing on the merits."