Henry ANDERSON, Plaintiff,

v.

Alexander L. STEVAS, et al.,
Defendants.

Civ. A. No. 85–2257.

United States District Court,
District of Columbia.

Dec. 5, 1985.

Henry Anderson, pro se.

Dave Frohnmayer, Atty. Gen., of Oregon, William F. Gary, Deputy Atty. Gen. of Oregon, James E. Mountain, Jr., Sol. Gen. of Oregon, Thomas H. Denney, Asst. Atty. Gen. of Oregon, Dept. of Justice, Salem, Or., for defendants.

## MEMORANDUM ORDER

BARRINGTON D. PARKER, District Judge.

In this *pro se* action plaintiff seeks recovery of damages from a former Clerk and assistant clerk of the United States Supreme Court, as well as from the Attorney General of the State of Oregon, a Deputy and Assistant Attorney General, and the Solicitor General of that state.

The cause of this action is rooted, oddly enough, in a 1975 Oregon Circuit Court decree ordering the specific performance of a land sale contract. The plaintiff here was apparently on the losing end of that contract and, giving vent to his disappointment, petitioned the Oregon Supreme Court for mandamus commanding the Circuit Court to vacate its decree and to grant him a jury trial, to which he for some reason felt entitled. That petition, filed in June 1984, was denied in August 1984. A petition for rehearing was denied in September of that year.

Undaunted, plaintiff sought a writ of mandamus from the United States Supreme Court, which was denied in February 1985.

In the instant suit, plaintiff challenges what he considers to have been irregularities in the way in which his petition in the United States Supreme Court was processed and subsequently opposed. Evidently, plaintiff failed to comply with one or more Court Rules and, as a result, was notified on two occasions in the fall of 1984 that his petition could not be filed. Whatever problems the petition presented were apparently resolved in December 1984, when it was finally docketed.

When the Chief Judge of the Oregon Supreme Court was served with the petition, he informed the Court by letter of his intention not to appear in the matter. Plaintiff took this to mean that his petition in the Court would go unopposed. Naturally, he was dismayed that the Oregon Attorney General's Office filed a brief in opposition to his petition and was even more chagrined that their response was persuasive to the Court. Accordingly, plaintiff names in his present complaint those individuals in the Attorney General's office ("state defendants") who prepared and submitted the brief. In addition, plaintiff charges the Clerk and an assistant clerk of the United States Supreme Court ("federal defendants") with concealing from the Court the letter sent by the Chief Judge of the Oregon Supreme Court.[1]

### A. Claim Against the State Defendants

The gravamen of plaintiff's complaint against the state defendants is that their submission of a brief, subsequent to the notice of nonappearance filed by the Chief Judge, was somehow unconstitutional in that it "deprive[d] plaintiff of his Constitutional rights to equal protection of the laws and due process of law." Amended Com-

1. Because neither the Chief Judge's letter, nor any letters sent by the Clerk's Office to plaintiff were entered on the docket sheet maintained in connection with plaintiff's petition in the Supreme Court, plaintiff alleges that the Clerk's Office "fabricated" or falsified the docket sheet. Plaintiff in his original complaint also charges that the state defendants conspired with the federal defendants in perfecting this deceit.

plaint ¶ 32. The state defendants have moved to dismiss on two alternate grounds. First, to the extent that plaintiff seeks recovery of damages for wrongs allegedly committed by these defendants while acting in their official capacities, the action is barred by the eleventh amendment. If, instead, plaintiff is bringing suit against these defendants in their individual capacities, the defendants are protected by immunity.

■ Both defendants' theories supporting their motion to dismiss rest on solid ground. An action brought under 42 U.S.C. § 1983 [2] that purports to seek monetary recovery from government officials in their official capacities is to be construed as a suit against the state and, hence, is barred by the eleventh amendment. *Brandon v. Holt*, —— U.S. ——, 105 S.Ct. 873, 878–79, 83 L.Ed.2d 878 (1985). *See also Quern v. Jordan*, 440 U.S. 332, 338–45, 99 S.Ct. 1139, 1143–47, 59 L.Ed.2d 358 (1979). If, on the other hand, the state defendants are being sued in their individual capacities, they are entitled to a qualified immunity for actions taken in good faith. *See Butz v. Economou*, 438 U.S. 478, 496–98, 98 S.Ct. 2894, 2905–06, 57 L.Ed.2d 895 (1978). Even the most generous reading of plaintiff's submissions draws one to the conclusion that defendants' allegedly wrongful conduct fell well within the scope of a qualified immunity.

■ Quite apart from the validity of defendants' jurisdictional challenges, plaintiff has simply failed to state a claim upon which relief may be granted. Plaintiff misconstrued the meaning of the respondent Chief Judge's notice of nonappearance, be-

lieving that it barred any Oregon official from opposing plaintiff's petition. Such is clearly not the case; rather, the Chief Judge merely exercised his option under Sup.Ct.R. 27.2(b) not to file an appearance and instead to delegate litigation of the action to the State Attorney General's Office. *See* Or.Rev.Stat. § 180.060(1)(d). Defendants certainly did nothing wrongful in fulfilling that statutory duty.

### B. Claims Against the Federal Defendants

■ While they have not filed an answer to the complaint,[3] the federal defendants are certainly entitled to the protections afforded by a qualified immunity. *Butz*, 438 U.S. 496–504, 98 S.Ct. at 2905–09. The Court can discern no wrongdoing of constitutional proportions with regard to the allegations that defendants mishandled plaintiff's petition. As for the vague charges of "conspiracy," plaintiff has "postulat[ed] events ... of a wholly fanciful kind," that do not merit judicial attention. *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C.Cir.1981).

### C. Conclusion

For the foregoing reasons, it is this 3rd day of December, 1985,

### ORDERED

That the above-captioned action is dismissed with prejudice as to all defendants.

---

2. Plaintiff's Amended Complaint, while not citing the appropriate statutory authority, makes it clear that the state defendants are being charged under that provision of the Civil Rights Acts.

3. Service on defendants Stevas and Schade was attempted by mailing a copy of the summons and complaint to the Supreme Court. If this was meant as service upon the defendants in their official capacities, it was inadequate, for the United States Attorney has not been served as required by Fed.R.Civ.P. 4(d)(4), (5). If it was intended as service upon the defendants in

their individual capacities, it remains inadequate. Defendant Stevas had left his post as Clerk of the Court some months prior to the attempted service. And while defendant Schade is still with the Court, the return receipt evidencing delivery of the summons and complaint was not signed by him, as required, but merely stamped by the mailroom. *See* Fed.R.Civ.P. 4(c)(2)(C)(ii); D.C. SCR Civ. 4(c)(2)(C)(ii). Because plaintiff has not effected service within the 120 days prescribed by Fed.R.Civ.P. 4(j), dismissal is appropriate for this reason alone.