875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Morris MAY, Plaintiff-Appellant,
v.
CHALLENGER COMMUNICATIONS SYSTEMS, INC., Defendant-Appellee.
 Nos. 88-4072, 88-4073.
 United States Court of Appeals, Sixth Circuit.
 April 18, 1989.
 
 1
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and CHARLES M. ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiff May moves to remand these appeals from the district court's order denying a motion to expedite the case and judgment dismissing this employment discrimination case. 42 U.S.C. Secs. 1981, 1982, 1983, 1985(3), and 2000e et seq. The appeals have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The plaintiff filed a complaint against the defendant, alleging that the defendant discriminated against him because he is an Orthodox Jew. After various proceedings, the district court denied the motion to expedite the case, from which the plaintiff took an appeal. The district court also dismissed the case as malicious under 28 U.S.C. Sec. 1915(d), because the complaint repeated claims made in previous litigation. The plaintiff also appealed from this dismissal.
 
 
 4
 In his motion to remand, the plaintiff complains that the district court denied the plaintiff's motion to expedite the case by endorsing the denial order on the face of the motion. The plaintiff argues that the district court must enter its order of denial on a separate document. Under Fed.R.Civ.P. 58, only final judgments are required to be entered on separate documents. There is no requirement that orders denying motions be entered on separate documents. Therefore, the motion to remand is without merit.
 
 
 5
 In Case No. 88-4072, the plaintiff filed a notice of appeal from the order denying the plaintiff's motion to expedite. The denial of a motion to expedite is not a final order under 28 U.S.C. Sec. 1291. Therefore, we will dismiss Case No. 88-4072 for lack of jurisdiction.
 
 
 6
 Sua sponte dismissals of civil rights complaints are proper if the complaint is frivolous or malicious. 28 U.S.C. Sec. 1915(d). Under that statute, a complaint that merely repeats previously litigated claims may be considered abusive. Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir.1981) (per curiam). Here the plaintiff admits that this complaint contains the same cause of action as a previous case. In the previous case, the district court refused to proceed with the case until the plaintiff paid the filing fee because the plaintiff did not qualify as a pauper. This court affirmed the district court's order. The plaintiff never paid the fee, and the case never proceeded to judgment.
 
 
 7
 In his brief, the plaintiff admits that this complaint and the earlier complaint are the same. The district court held that the complaint was abusive and malicious because the plaintiff is trying to avoid the effect of the court's rulings in the previous case. This ruling of the district court is correct.
 
 
 8
 In a supplemental motion, May cites Hopper v. Euclid Manor Nursing Home, Inc., No. 87-3938 (6th Cir. Feb. 2, 1989). Hopper concerns Rule 68 costs and is not applicable to the present case.
 
 
 9
 The motion to remand is denied. The appeal in Case No. 88-4072 is dismissed for lack of jurisdiction under Rule 9(b)(1), Rules of the Sixth Circuit. The judgment of the district court in Case No. 88-4073 is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation