FILED
United States Court of Appeals
Tenth Circuit

December 18, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENHT CIRCUIT

DARRYL KINNEY,

Plaintiff-Appellant,

v.

DEPARTMENT OF JUSTICE,
DEPARTMENT OF DEFENSE, and
STATE OF ILLINOIS,

Defendants-Appellees.

No. 12-3139

(D. of Kan.)

(D.C. No. 11-CV-04177-JAR-JPO)

ORDER AND JUDGMENT*

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.**

Darryl Kinney sued the United States Departments of Justice and Defense

and the State of Illinois, alleging many troubling claims. For example, he claims

that defendants have "stalked [him] from state to state . . . renting apartments

around [him] . . . [and] daily hack[ing] on his computers and rerout[ing] his

---

* This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

telephone calls." R., Vol. 1, at 9. "Each time he or his family leaves the house," he says, "Military and Police personnel chase them, in an interstate stalking method." *Id.* Kinney further claims that defendants have tampered with court records and other public files relating to him, interfered with his attempts to get a job, arranged to have him evicted from an apartment, and generally treated him and his family as "Terrorist[s] and Illegal Immigrants . . . by some Illegal paid for hire conspiracy led crime ring as Chaney [sic] type hit squad stalking." *Id.* at 10. Kinney attempts to state causes of action for employment discrimination, stalking, invasion of privacy, defamation, and violations of the Privacy Act. Kinney has filed similar lawsuits in Georgia, Illinois, Virginia, and Wisconsin, and twice previously in Kansas,[1] where he filed the instant suit.

The district court dismissed Kinney's complaint for failing to meet minimal pleading requirements and failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 8(a)(2); 12(b)(6). We agree with the district court's disposition. Although "[w]e read pro se complaints more liberally than those composed by lawyers," *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007), "the generous construction that we afford pro se pleadings has limits, and we

---

[1] *See Kinney v. Holder et al.*, No. 11-4176-JTM (D. Kan. 2012); *Kinney et al. v. Dep't of Justice et al.*, No. 11-6069 (N.D. Ill. 2012); *Kinney et al. v. Dep't of Justice et al.*, No. 11-4068-JTM (D. Kan. 2011); *Kinney et al. v. Dep't of Justice et al.*, No. 10-3481-JEC (N.D. Ga. 2011); *Kinney et al. v. U.S. Dep't of Justice et al.*, No. 09-806-CMH (E.D. Va. 2009); *Kinney et al. v. U.S. Dep't of Justice et al.*, Case No. 08-460-CNC (E.D. Wis. 2008).

must avoid becoming the plaintiff's advocate," *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1024 (10th Cir. 2012).  Kinney's allegations go beyond the limits of that to which we can afford a generous construction, but instead border on fanciful.  Without more, "[a] court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."  *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981).

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Timothy M. Tymkovich
Circuit Judge