# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MATTHEW J. SHERVEN, )
)
       Plaintiff, )
) Civil Action No. 1:23-cv-02024 (UNA)
v. )
)
UNITED STATES OF AMERICA, *et al.*, )
)
       Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case under 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

The Plaintiff sues the United States, the Central Intelligence Agency and its Director, its Deputy Director, and two of its former Directors. He alleges that, in November 2019, he "reported a child pornography video to the Central Intelligence Agency (CIA)[,]" and that, "[i]n response to the Plaintiff's tip, the CIA began conducting an illegal top secret operation to get rid of the Plaintiff extra-judicially, under the belief that the Plaintiff is a pedophile, because he reported child

pornography to them." He goes to contend that, "[a]s a part of this top secret operation, the CIA has been slandering the Plaintiff behind his back to his coworkers and family members, stalking the Plaintiff, illegally spying on the Plaintiff, and using experimental mind-control and mind-reading technology to harass the Plaintiff and drive him insane, until he commits suicide." He believes that these alleged "actions undertaken were approved of by both the current and former CIA directors, the House and Senate Intelligence Committees, and both the current and former President of the United States." He asks this court to "review the agency's decision to get rid of him extra-judicially."

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). So the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

Consequently, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date: 7/31/23

TREVOR N. McFADDEN
United States District Judge