# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BOBBIE DEANNA RUFF,       )
       )
       Plaintiff,       )
       )       Civil Action No. 1:23-cv-02450 (UNA)
       v.       )
       )
UNITED STATES OF AMERICA,       )
       )
       Defendant.       )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of River Rouge, Michigan, sues the United States for $888 trillion in damages, alleging that she was "attacked by weapons of war," and "injected with a brain disease" in May 2020. She next contends that, in April 2022, "God showed up and gifted [her] the DNA antibody [] which was unknown to man." Finally, she asserts that, from 2018 to date, the FBI has

"formed troops" to stalk and harass her, in contravention of the "Chemical Weapons Convention Treaty."

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Therefore, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

Consequently, this case is dismissed without prejudice. Plaintiff's pending motion to appoint counsel, ECF No. 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date:   October 26, 2023                    _____/s/_____
                                                            JIA M. COBB
                                            United States District Judge