# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BENJAMIN J. REX,                          )
                                          )
    Plaintiff,        )
                                          )  Civil Action No. 1:25-cv-01935 (UNA)
v.                                        )
                                          )
FEDERAL BUREAU                            )
OF INVESTIGATION, et al.,                 )
                                          )
    Defendants.        )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application and, for the reasons discussed below, dismisses this case without prejudice.

At the outset, the Court notes that Plaintiff, who sues the Federal Bureau of Investigation ("FBI") and the Central Intelligence Agency ("CIA"), has provided only a P.O. Box address for himself, *see* Compl. at 1, and only a partial address for the CIA, *see id.* at 2, in contravention of D.C. Local Civil Rule 5.1(c)(1). The allegations themselves fare no better. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and Plaintiff's Complaint falls squarely into this category.

Plaintiff's Complaint totals 57 pages, and includes 39 pages of exhibits, largely about purported government "mind control," *see* Compl. Supplement ("Compl. Supp."), ECF No. 1-1,

at 12–49. Plaintiff alleges that the FBI and CIA have used "psycho technology," Compl. Supp. at 1–3, to launch a wide-scale investigation against him and to remotely manipulate his actions, which has manifested in multiple suspicious incidents occurring from January 2022 to date, *see id*. at 1–11. He demands $57.28 million in damages. Compl. at 4.

The Court cannot exercise subject matter jurisdiction over Plaintiff's Complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's other pending Motions, ECF Nos. 3, 6, 7, 8, are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date: August 19, 2025

_____/s/_____
JIA M. COBB
United States District Judge