## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BORTLE SIPTO KHOZA,      )
     )
         Plaintiff,      )
     )      Civil Action No. 1:25-cv-02954 (UNA)
v.      )
     )
NEW YORK CITY, et al.,      )
     )
         Defendants.      )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss an action at any time if it determines that it is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff sues "New York City Industrialists" and "District of Columbia Industrialists." Compl. at 2. He does not provide names or addresses for the Defendants, nor any of his own contact information beyond his email address, all of which contravenes D.C. Local Civil Rule 5.1(c)(1), (g). Plaintiff indicates that he is currently unhoused, *see id.* at 1, and while the Court is certainly sympathetic of his circumstances, there is no way to communicate with Plaintiff regarding this case without some sort of address, particularly given his *pro se* status.

Plaintiff's allegations fare no better. Plaintiff's claims are predicated upon alleged "pugilistic encounters" caused by "neuroplastic enzymes" in his brain that have been triggered by "individuals imposing on [his] being with spiritually in sexually promiscuous play as that of a demon that must kill people as the sole imposition upon [his] conscious[.]" *See id.* at 4. For relief, he demands the "[i]nclusion of such, the anatomical makeup of [his] person direct of the cognitive to physiological response of [his] person," and "[t]he anatomical segments of [his] being." *See id.* at 5. He also cites, without explanation, to various laws and legal authority. *See id.* at 3.

The Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). The instant Complaint falls squarely into this category.

Accordingly, the Complaint and this case are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: December 9, 2025

/s/_____
ANA C. REYES
United States District Judge