# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ERICK BLACKWOOD-HEAD,      )
     )
         Plaintiff,      )
v.      )      Civil Action No.  1:25-cv-03405 (UNA)
     )
     )
DEMOCRATIC NATIONAL      )
COMMITTEE, et al.,      )
     )
         Defendants.      )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2.  The Court grants the IFP Application, and as explained below, it dismisses this case without prejudice.

Plaintiff, a resident of Texas, sues the Democratic and the Republican National Committees.  *See* Compl. at 1–2.  He raises three primary claims.  *See id*. at 3–4.  First, he alleges that Defendants have "engaged in a bi-partisan conspiracy to manipulate election outcomes, ensuring mutual control over the political system at the expense of voters' rights."  *Id*. at 3.  Second, he alleges that Defendants conspired to assist Jeffrey Epstein in covering up his operation of a human trafficking network.  *See id*.  Third, he alleges that Defendants "have used their extensive influence over state bar associations and major law firms . . . to deny Plaintiff access to competent legal representation."  *Id.* at 4.  He alleges that these acts constitute a conspiracy under 28 U.S.C. § 1985, violate the TVPRA and RICO, and have caused him emotional distress.  *See id.* at 4–5.  He demands equitable relief and $25 million in damages.  *See id*. at 5.

First, Plaintiff has failed to establish standing in this matter. Pursuant to Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that she has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). As here, "a defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff attempts to bring his claims regarding the alleged election rigging and other government malfeasance as a "registered voter," *see* Compl. at 2–3, but "a plaintiff raising only a generally available grievance about" the government or its officials, "claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy," *Lujan*, 504 U.S. at 573–74; *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). In other words, "Plaintiff's stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . his harm is too vague and its effects too

attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009), *cert. denied*, 555 U.S. 1126 (2009).

Second, insofar as Plaintiff alleges that Defendants plotted to deny him legal representation, *see* Compl. at 4, he has failed to provide any supporting details, context, or other information to turn this overbroad accusation into a cognizable claim, and threadbare recitals and mere conclusory statements are fundamentally insufficient to state one, see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is obligated to "plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendants'] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79).

Moreover, as pleaded, the Court finds no merit in Plaintiff's allegations that Defendants conspired to turn bar associations and law firms against him. *See Curran v. Holder*, 626 F. Supp. 2d 30, 34 (D.D.C. 2009) (finding that the plaintiff's "laundry list of wrongful acts and conclusory allegations to support h[is] theory of a conspiracy," were patently "insufficient to allow the case to go forward.") (citation omitted). Indeed, it similarly finds Plaintiff's allegations that Defendants have "facilitated" wrongdoers to stalk, harass, traffic, attempt to assassinate him, and to commit him to "forced labor," *see* Compl. at 4, to be frivolous. And the Court cannot exercise subject matter jurisdiction over Plaintiff's Complaint. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit."); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (a court shall dismiss a claim as frivolous "when the

facts alleged rise to the level of the irrational or the wholly incredible"); *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) (a court shall dismiss a complaint was frivolous when it "postulates events and circumstances of a wholly fanciful kind").

Consequently, and for all of these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: December 15, 2025

/s/_____
ANA C. REYES
United States District Judge