# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AISHA GOODISON,                )
                                          )

            Plaintiff,           )
                                            )      Civil Action No. 1:26-cv-01243 (UNA)

v.                                )
                                            )

FEDERAL BUREAU         )
OF INVESTIGATION, et al.,     )
                                            )

           Defendants.      )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons explained below, it dismisses this case without prejudice.

Plaintiff, a resident of Florida sues the Federal Bureau of Investigation ("FBI") and the United States Department of Justice. *See* Compl. at 1–3. The Complaint is rambling and difficult to follow, consisting predominantly of personal information and anecdotes spanning decades. *See generally id*. To start, Plaintiff states that, in September 2005, she "sent a formal complaint to then-FBI Director, Robert Mueller, at FBI headquarters, regarding the criminal misconduct of singer Madonna," and that later in 2025, she presented at the FBI, where she underwent interviews, executed "FBI form-302[s]," and exchanged documents. *See id.* at 3–5. Plaintiff contends that, in response to her complaint, the FBI conducted a criminal investigation into "Madonna and Hollywood," and informed Plaintiff that she would receive a copy of the investigation report, but despite her inquiries, she never received a copy. *See id.* at 5. Given her lack of receipt, "a few years later [Plaintiff] applied to receive the FBI files on the matter under the Freedom of

Information Act, but the FBI lied in writing stating there are no files." *See id*. And then, "years later," "[t]hen-Florida Senator Marco Rubio," purportedly attempted to obtain the investigation documents from the FBI on Plaintiff's behalf, but he was refused. *See id.* at 6.

From there, the Complaint transitions into a list of a series of unfortunate events that Plaintiff believes has been caused by the FBI's refusal to acknowledge these investigation documents, or the investigation itself, borne from a long-term conspiracy to conceal the agency's own criminal behavior. *See id*. at 6–10. For example, Plaintiff alleges that the FBI's "arrogant" actions have "cast an undeserved shadow over [her] name and life for years," and that the FBI has "endangered [her] life and safety, making her subject to death threats, threats of violence, threats of sexual assault, threats of kidnapping, and acts of aggravated harassment and assault." *See id.* at 6–7. She further alleges that the FBI has caused her to suffer copyright infringement, that she has been stalked by an FBI informant, and that this informant also poisoned her mother and tampered with her mother's health insurance. *See id*. at 6–8.

The Complaint is at its most cognizable where the Plaintiff alleges that FBI has failed to conduct adequate searches, respond, and release documents to her under the Freedom of Information Act ("FOIA"). *See id*. at 11–13. Nevertheless, as presented, fundamental details regarding Plaintiff's putative submission of a FOIA request are missing. FOIA jurisdiction extends to claims arising from an agency's improper withholding of records requested in accordance with agency rules. *See* 5 U.S.C. §§ 552(a)(3)(A), (4)(B)(1); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983) (quoting *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 150 (1980)); *see also Marcusse v. U.S. Dep't of Justice Office of Info. Policy*, 959 F. Supp. 2d 130, 140 (D.D.C. 2013) (An "agency's disclosure obligations are triggered by its receipt of a request that 'reasonably describes [the requested] records' and 'is made in accordance

with published rules stating the time, place, fees (if any), and procedures to be followed.'") (quoting 5 U.S.C. § 552(a)(3)(A)). Plaintiff does not make clear when she sent her FOIA request, how she sent it, to whom she sent it, what materials she specifically requested, nor is it clear that she complied with the FBI's FOIA regulations during that process. And the Complaint neither references a FOIA request number nor contains any other information, *e.g,* a copy of the actual request submitted, or the responses received.

As here, "the court need not accept inferences drawn by plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor must the court accept "a legal conclusion couched as a factual allegation," or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Id*. Here, Plaintiff has presented only threadbare recitals with respect to her FOIA request.

Second, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Again, instead of focusing on the facts supporting the FOIA claim itself, Plaintiff largely concentrates on her belief in multiple conspiracies, orchestrated against her and others—by the government, in Hollywood, and elsewhere. But such allegations that are "so attenuated and unsubstantial as to be absolutely devoid of merit." *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)) (internal

quotation marks omitted); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."); *see also Webb v. Dep't of Army*, No. 22-cv-02236, 2022 WL 17851470, at *1 (D.D.C. Oct. 7, 2022) (dismissing the plaintiff's claims for alleged FOIA violations predicated on a government conspiracy against him), *aff'd*, No. 22-5292, 2023 WL 2564344, (D.C. Cir. Mar. 20, 2023) (per curiam).

Accordingly, for all of the stated reasons, this case is dismissed without prejudice. Plaintiff's Motion for CM/ECF Password, ECF No. 3, is denied as moot. A separate Order accompanies this Memorandum Opinion.


DATE: June 1, 2026                        /s/ CHRISTOPHER R. COOPER
                                          United States District Judge