977 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James CELLO-WHITNEY, Jr., Plaintiff-Appellant,
v.
Gary McCRACKEN, Defendant-Appellee.
 No. 92-35276.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 21, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Cello-Whitney, a Washington state prisoner and an experienced litigator in both this court and the district court, appeals pro se the dismissal of his 42 U.S.C. § 1983 action as frivolous or malicious under 28 U.S.C. § 1915(d). In his action, Cello-Whitney alleges prison officials violated his eighth amendment rights by assigning him to an upper bunk bed despite his seizure disorder which requires him to be assigned to a lower bunk and giving him improper treatment for injuries he received when he suffered a seizure and fell from the bunk. The district court dismissed Cello-Whitney's action as a sanction after determining that his claims were only raised to gain leverage in Cello-Whitney's ongoing efforts to bargain with prison officials for special treatment. We have jurisdiction under 28 U.S.C. § 1291, and we review the district court's dismissal of an action under 28 U.S.C. § 1915(d) for an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 The federal statute governing in forma pauperis, 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342-43 (1948). The statute recognizes that a litigant whose costs are assumed by the public lacks the economic incentive to refrain from filing frivolous or malicious lawsuits. Neitzke v. Williams, 490 U.S. 319, 324 (1989). To prevent such abusive or captious litigation, section 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d); Neitzke, 490 U.S. at 324..
 
 
 4
 The record is replete with sufficient facts to find that Cello-Whitney brought this lawsuit in bad faith and maliciously, and he prosecuted it solely to gain an advantage in his ongoing attempts to resolve perceived grievances within the prison system. As noted in the report and recommendation of the magistrate judge, the appellant stated in letters to prison officials that " '[t]here is nothing to do, except file lawsuits. I'm sending you a list. If you people continue to fuck with me I'll simply double it. I have 8 [inch] files full of grievances waiting to be turned into lawsuits and at the rate of 2 or 3 per day it could get costly.' " He further stated, "[y]ou also need to know that I am costing ... $1100.00 to $1600.00 per month [referring to the legal costs imposed on the state to process his litigation].... I intend to continue being as costly as possible since I am apparently not responsible to repay any expenditures. I did not request to come here and my every convenience will be met and I personally do not give a fuck who is footing the bill.... If you don't want me then perhaps you would do well to seek my release and be done with it. I have nothing better to do than sit in this cell 24 hours a day spending money [referring to the legal costs to the state associated with his litigation].' "[1]
 
 
 5
 The appellant in the course of this litigation mailed documents covered with blood, fecal matter, urine, and semen to prison administrators. These letters contained physical threats to the administrators. Cf. Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir.1981) (in forma pauperis complaint that threatens violence or contains disrespectful references to the court may be dismissed as malicious).
 
 
 6
 In sum, we find that the record clearly supports a finding of bad faith and malicious litigation. See 28 U.S.C. § 1915(d); Neitzke, 490 U.S. at 324. Accordingly, the district court did not abuse its discretion in dismissing the complaint.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cello-Whitney argues that these letters cannot be considered by the district court. We disagree. See Neitzke, 490 U.S. at 324 (section 1915 grants "the unusual power to pierce the veil of the complaint's factual allegations")
 
 
 [2]
 Cello-Whitney alleges that the he did not know which subsection of 28 U.S.C. § 1915 the defendants were relying on in their "Motion for 28 U.S.C. § 1915 Sanctions." Only subsection 1915(d) allows for the dismissal of actions. The "plaintiff's reply to defendant's response to plaintiff's cross motion to strike" implicitly recognizes this in the structure of his argument. Additionally, Cello-Whitney had constructive notice of the request for dismissal. See "Affidavit of Theresa M. (Terre) Williams in Support of Defendants' Motion to Dismiss Pursuant to 28 U.S.C. § 1915(d)."