990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William David HILL, Plaintiff-Appellant,
v.
Joe D. RICHARDS, et al., Defendants-Appellees.
 No. 92-16740.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1993.*
Decided April 16, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William David Hill, an Arizona state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action as malicious under 28 U.S.C. § 1915(d).[1] The district court determined that Hill "abused the court process to the point that the prosecution of this complaint can only be categorized as 'malicious.' " We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review that district court's dismissal for an abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We vacate and remand.
 
 
 3
 The privilege to proceed in forma pauperis was created to ensure that indigent litigants have meaningful access to the federal courts. See 28 U.S.C. § 1915; Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 342-43 (1948). To prevent abusive or captious litigation, federal courts may dismiss a claim filed in forma pauperis "if satisfied that the action is frivolous or malicious." See 28 U.S.C. § 1915(d); Neitzke v. Williams, 490 U.S. 319, 324 (1989); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir.1981).
 
 
 4
 The district court granted Hill in forma pauperis status finding that this action was not frivolous under the standard articulated in Neitzke, 490 U.S. at 325. With regard to Hill's multiple filings, we note that the magistrate judge granted Hill's motions allowing him to make these filings. Moreover, the day before the district court dismissed the action, the magistrate judge granted Hill's motion to file his fourth amended complaint and set a new discovery schedule. The magistrate judge also permitted Hill to file documents exceeding court-ordered limitations. The defendants did not object to this motion or the magistrate's order.
 
 
 5
 The district court, with knowledge of the magistrate judge's order allowing Hill to file his fourth amended complaint, determined that Hill had abused the court process: "Plaintiff has filed four amended complaints which continually add, delete and re-add claims and parties. Plaintiff has continually violated court orders restricting the size and number of his amendments." The district court concluded that "plaintiff is merely proceeding maliciously to create paperwork for both the Court and the defendants."
 
 
 6
 We conclude that the magistrate judge's acquiescence in granting Hill's motions precludes, at this time, the dismissal of this action pursuant to 28 U.S.C. § 1915(d). While we are cognizant of the fact that Hill has filed as many as four amended complaints, five motions for appointment of counsel, and several discovery motions, we note that he did so with permission of the court.
 
 
 7
 Accordingly, we determine that the district court abused its discretion in dismissing Hill's action as malicious; therefore, we vacate the district court's order and remand for further proceedings.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At the time Hill filed his complaint he was a pretrial detainee. Hill's complaint alleged that: (1) defendants were deliberately indifferent to his serious medical needs; (2) the jail medical staff was unqualified; (3) the jail imposed unconstitutional limits on access to medical treatment; and (4) the lack of medical treatment led to mental and physical deterioration that hindered his ability to participate in his defense