UNITED STATES DISTRICT COURT

**FILED**
**10/24/2022**
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

LISA KAREN MARIE CARNES,     )
*AKA KAREN MARIE PRICE*     )
     )
     Plaintiff,     )
     )     Civil Action No. 1:22-cv-02432 (UNA)
v.     )
     )
BILL CLINTON, et al.,     )
     )
     Defendants.     )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981). Plaintiff has a complaint against former President Clinton and Hillary Clinton that is entirely incomprehensible, seemingly predicated on vague conspiracy theories.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are

'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08.

The instant complaint satisfies this standard, failing to make out a single cognizable claim, or to establish this court's jurisdiction and venue. Consequently, the complaint is dismissed. A separate order accompanies this memorandum opinion.

DATE: October 24, 2022        _____ s/s_____
                                      COLLEEN KOLLAR-KOTELLY
                                      United States District Judge