# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HENRY MYERS,                )
*AKA Henry Christ*,        )
                           )
        Plaintiff,        )
                           )    Civil Action No. 1:22-cv-03132 (UNA)
v.                         )
                           )
JOE BIDEN, *et al.*,       )
                           )
        Defendants.    )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Washington, D.C., sues President Biden, Vice President Harris, former President Obama, and Congresswoman Nancy Pelosi. Compl. at 2–3. The complaint is incomprehensible. Plaintiff purports to be the "reincarnation of Christ," and states that he was appointed to this role by the Pope and through "the court of France," under the authority of the

"treaty of London corporation," and the United States Senate. *See id*. at 4. He alleges that, from January 1989 to date, the "State Department has promoted individuals to act on [his] behalf of Christly affairs without [his] prior contact," and takes issue with President Obama's attendance at the Platinum Jubilee celebrating Queen Elizabeth II. *See id*. He seeks over a trillion dollars in damages and demands that this court "[d]e-entangle the US from domestic and foreign Christly affairs." *See id*. at 5. He also seemingly seeks to remove his access restrictions to Joint Base Myer–Henderson Hall, located in Arlington, Virginia, which he believes are a result of this same conspiracy. *See id.*

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard. In addition to failing to state a claim for relief, or to establish this court's subject matter jurisdiction, the complaint is frivolous on its face.

For the reasons stated herein, the complaint and this case are dismissed without prejudice.

A separate order accompanies this memorandum opinion.

AMY BERMAN JACKSON
United States District Judge

Date: December 13, 2022