# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TRAVIS KELLY,                          )
                                       )
                                       )
                                       )
            Plaintiff,                 )
                                       )      Civil Action No. 1:23-cv-00166 (UNA)
v.                                     )
                                       )
BARACK OBAMA, *et al.*,                )
                                       )
            Defendants.                )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, who resides in Williamsburg, Kentucky, sues former President Obama, the current United States Attorney General, the Rewards for Justice Counterintelligence Program, and the "Federal Communications Center." The complaint is rambling and mostly incomprehensible. Plaintiff alleges that Presidents Obama and Biden began attacking him, with intent to kill, in 2008 or 2009 by use of "psychotropic" "EMF" and "espionage sonic weapons" that were "broadcast into [his] auditory nerve via voices and torture[.]" He contends that these alleged attacks have

continued to date and even into the future. He also believes that this same conspiracy orchestrated against him by countless entities and individuals—constituting a "terror cell"—is motivated to frame him for an assassination. From there, the pleading becomes even more unintelligible.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' "), quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Consequently, the complaint, ECF No. 1, is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: February 7, 2023

_____/s/_____
RUDOLPH CONTRERAS
United States District Judge