# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KENNETH CHARLES ELMORE, III,   )
                                   )
        Plaintiff,        )
                                   )    Civil Action No. 1:23-cv-00256 (UNA)
v.                            )
                                   )
STATES DEPARTMENT OF       )
SOUTH CAROLINA, *et al.*,      )
                                   )
        Defendants.     )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, supplement to the complaint, ECF No. 3, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, who states that he is homeless and provides a Summerville, South Carolina, mailing address, sues the "States Department of South Carolina," as well as several individuals and "families," located in South Carolina and Georgia. The allegations are nebulous. Plaintiff alleges that defendants and others, including the mafia, have conspired to control his mind through drones and by placing a bomb in his head. He further contends that these bad actors have framed

him and committed many crimes, including the attempted murder of United States Presidents and others. From there, the complaint becomes even more digressive and difficult to understand.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint and its supplement, filed without leave of court, satisfy this standard.

Consequently, the complaint, ECF No. 1, is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 14, 2023

*Tanya S. Chutkan*

TANYA S. CHUTKAN
United States District Judge