# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TARA MIKENAS, )
)
        Plaintiff, )
)     Civil Action No. 1:23-cv-00531 (UNA)
v. )
)
LEO, )
)
        Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, who is located in the District of Columbia, sues a single defendant—an individual identified only as "Leo," who resides in Plymouth, Minnesota. The allegations against the defendant are mostly incomprehensible. Plaintiff alleges that he and others, including the FBI and the "mob," have conspired to cause her myriad harms, including, "gang stalking," hacking into her

phone and social media accounts and using [sic] "cyber controlls" on her, trafficking her, and stealing her earnings from "movies" and "settlements." The relief sought is entirely unclear.

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.' ") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is deemed frivolous on its face.

Therefore, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 17, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge