**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TARA MIKENAS,                         )
                                               )
                Plaintiff,             )
                                               )   Civil Action No. 1:23-cv-00959 (UNA)
       v.                           )
                                             )
ERALDO PEREZ,                  )
                                           )
                Defendant.       )

## <u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1. The Court will grant the application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain

1

origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981). The instant complaint satisfies this standard.

In conclusory and disjointed fashion, plaintiff alleges defendant violated unspecified civil rights, controls her online presence and relationships with others, exploits her financially, threatens to steal future earnings, and attempts to force her into sex slavery. *See* Compl. at 1. She is "suing for emotional and physical damages over one million dollars." *Id*. This complaint is frivolous on its face and, therefore, it will be dismissed without prejudice.

An Order is issued separately.

/s/
TANYA S. CHUTKAN
DATE: April 19, 2023                    United States District Judge