**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MATTHEW J. SHERVEN, )
)
Plaintiff, )
) Civil Action No. 1:23-cv-02912 (UNA)
v. )
)
UNITED STATES OF AMERICA, )
)
Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court will grant the *in forma pauperis* application and dismiss the case under 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

The Plaintiff sues the United States pursuant to 42 U.S. Code § 1983, and contends that, in November 2019, he reported a pornographic video to the Department of Justice ("DOJ") and the Central Intelligence Agency ("CIA"). He then alleges that, as a result, the DOJ and CIA "placed the Plaintiff into a top secret program to frame him for child porn. As a part of this program, the

1

United States Intelligence Community work together to harass the Plaintiff, with mind-control and mind-reading satellites, and by stalking, slandering the Plaintiff and repeatedly hacking the Plaintiff's electronic devices." He goes on to allege that the DOJ and CIA used "mind-control satellites to transmit voices into the Plaintiff's head, to trick the Plaintiff into believing that he has schizophrenic voices calling him a pedophile." He asserts that the goverment executed this elaborate plan against him by "beaming voices" into his head, causing (1) him to be admitted to a mental health facility against his will, (2) him to make various statements to a psychologist that he does not truly believe, and (3) his house to be raided as part of a criminal investigation. He asks "the Court to order the United States to stop harassing him and [to] award him punitive damages."

This Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Therefore, the Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. In addition to failing to state a claim for relief or establish this Court's jurisdiction, the complaint is frivolous on its face.

2

Consequently, this case is dismissed without prejudice.  A separate order accompanies this memorandum opinion.


Date: October 27, 2023

                               _____
                                        JIA M. COBB
                              United States District Judge