# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TYESHA ISOM, )
)
)
)
Plaintiff, )
) Civil Action No. 1:24-cv-01105 (UNA)
v. )
)
ALICIA BARCENA IBARA, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons explained below, it dismisses the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Denton, Texas, sues the Mexico's Secretary of Foreign Affairs, Mexico's Attorney General, France's General Prosecutor, the United States Secretary of State, and the United States Attorney General, broadly citing to the 1848 Treaty of Guadalupe Hidalgo. *See* Compl. at 1–4, 1, 10–11. The complaint is vague and rambling, alleging a wide-spread criminal conspiracy, orchestrated by the governments of France, Haiti, the United States, China, and

Mexico. *See id.* at 4. The complaint then oscillates through disparate topics, including, the Mexican American War, Cinco De Mayo, a "French culture war," the purchase of California, "aggression behavior," "wrongful poisonings," "the echolalia effects," "violation of contracts, statutory action violations; including negligence and abuse of power . . . by the state departments," and "insanity legislatures." *See id.* at 9–10. Plaintiff purports to brings this action to "preserve" the United States Constitution "in the old Mexico states that won victory over France," and she demands $1 billion, to be released by the Federal Reserve, to the "US Federation." *See id.* at 10.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard.

Consequently, the complaint and this case are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: May 20, 2024

_____/s/_____
AMIT P. MEHTA
United States District Judge