# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BENJAMIN J. REX,             )
                                    )
          Plaintiff,       )
                                    )     Civil Action No. 1:24-cv-02605
v.                            )
                                    )
FEDERAL BUREAU        )
OF INVESTIGATION,      )
                                    )
         Defendant.     )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* application and, for the reasons discussed below, dismisses this case without prejudice.

At the outset, the Court notes that Plaintiff only provided a partial address, *see* Compl. at 1, in contravention of D.C. Local Civil Rule 5.1(c)(1), *see* Mail Returned Undeliverable, ECF No. 4. The allegations themselves fare no better. "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and Plaintiff's Complaint falls squarely into this category.

Here, Plaintiff sues the Federal Bureau of Investigation ("FBI"), alleging that, for about three years, the agency has conspired against him by orchestrating a misinformation campaign, and by subjecting him extortion, menace, harassment, defamation, provocation, mental abuse, intentional tort, impersonation, negligence, coercion, false imprisonment, sexual abuse, misuse of

excessive force, falsification of evidence, intimidation, infringement, brutality, undue pain and suffering, obstruction of justice, invasion of privacy, abuse of process, and physical, psychological, economic duress. *See* Compl. at 4–6. He contends the FBI's alleged bad acts have manifested in myriad ways, including, but not limited to, "psycho technology," loss of employment opportunities, attempted murder, abduction, and identity theft. *See id*. at 4–7. He demands millions in damages. *See id*. at 4–7.

This Court cannot exercise subject-matter jurisdiction over Plaintiff's Complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981); *see* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the Complaint, ECF No. 1, and this case, are dismissed without prejudice. Plaintiff's pending motion for CM/ECF access, ECF No, 3, is denied as moot. A separate order accompanies this memorandum opinion.

Date: November 20, 2024

/s/_____
ANA C. REYES
United States District Judge