**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JOSEPH D. GILBERTI,  )
 )
             Plaintiff,  )
 )       Civil Action No. 24-2837 (UNA)
v.  )
 )
KAMALA HARRIS, *et al.*,  )
 )
             Defendants.  )

**MEMORANDUM OPINION**

This matter is before the court on its initial review of Joseph Gilberti's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the application to proceed *in forma pauperis* and, for the reasons discussed below, will dismiss this case without prejudice.

Mr. Gilberti, currently incarcerated in Florida, sues the United States Vice President, FEMA, the FBI, the DOJ, and the EPA, and asks this court for mandamus relief. *See* ECF No. 1 at 1, 9. He alleges that Defendants are engaged in a conspiracy of "organized fraud" with the United States District Court for the District of Florida, the Florida and Georgia state governments, and other federal and state government officials, among others. *Id.* at 1-2, 4-8. He alleges that Defendants are actively concealing "two secret access points to endless 'primary spring water,'" which could "provide endless pure alkaline spring water to taps, nations, Middle East, etc. to end hunger, conflicts, wars." *Id.* at 1, 3, 5-6, 8-9. He contends that Defendants and their other co-conspirators have kept these water sources a secret in an effort to embezzle and misappropriate $500 million in federal funds, creating costly water bills for American citizens, and resulting in worldwide death, an act he considers the "most treason[ous] in USA/world history." *Id.* at 1-3, 5-7.

1

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and Mr. Gilberti's complaint falls squarely into this category. The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)). As here, a court shall dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

The court also notes that Mr. Gilberti has previously, and unsuccessfully, pursued a substantially similar case in this district against several federal defendants. *See* Mem. Op., *Gilberti v. Fed. Reserve Sys.*, No. 19-CV-738 (D.D.C. Apr. 29, 2019), ECF No. 3 (dismissing matter as frivolous), *aff'd*, No. 19-5264 (D.C. Cir. Apr. 30, 2020) (per curiam). "Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are . . . subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e)." *Sturdza v. United Arab Emirates*, No. 09-CV-699, 2009 WL 1033269, at *1 n.2 (D.D.C. Apr. 16, 2009). Accordingly, future attempts to file this lawsuit may be dismissed with prejudice. *See id.*

For these reasons, the court will dismiss the complaint, ECF No. 1, and this case without prejudice. A separate order accompanies this Memorandum Opinion.

LOREN L. ALIKHAN
United States District Judge

Date:    December 17, 2024