# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELIZZ MARIE CORREA,                          )
                                             )
            Plaintiff,                       )
                                             )
      v.                                     )      Civil Action No. 25-00006 (UNA)
                                             )
DEFENSE INTELLIGENCE AGENCY *et al*.,        )
                                             )
            Defendants.                      )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP).  For the following reasons, the Court grants the IFP application and dismisses the complaint.

Plaintiff sues the Defense Intelligence Agency, Central Intelligence Agency, Federal Bureau of Investigation, and presumably the Department of Justice's National Gang Intelligence Center.  Compl., ECF No. 1 at 4.  The complaint is unintelligible.  As the basis for federal court jurisdiction, Plaintiff writes: "I must look responsible for the Covid-19 pandemic.  The statute of national disasters must continue, example WWIII with a human sacrifice again." *Id*. at 7.  Plaintiff claims to be "a weapon of destruction" and either seeks or claims to have $1 billion.  *Id*. at 8.  Under statement of claim, Plaintiff writes "passing assaults" and lists two addresses in Georgia. *Id*.  Since lodging the complaint, Plaintiff has cluttered the docket with equally puzzling  exhibits, ECF Nos. 8-62.

A complaint determined, as here, to lack "an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), is appropriately dismissed as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[A] finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]"); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Because no "allegation of other facts" could plausibly cure the deficiencies of the complaint, this case will be dismissed with prejudice. *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam). A separate Order accompanies this Memorandum Opinion.

_____/s/_____
TANYA S. CHUTKAN
Date: April 7, 2025                      United States District Judge