# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSEPH PAUL MURGIDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:25-cv-00477 (UNA) |
| v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons explained below, dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the court is required to dismiss a case "at any time" if it determines that the action is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff sues approximately 51 defendants, including the United States, federal officials and agencies, U.S. Supreme Court justices, the Republican Party, law schools and law professors, U.S. Congressmen, family members, medical providers, and various companies. *See* Compl. at 1–13. The prolix complaint is rambling and difficult to follow, rooted in plaintiff's belief in multiple complex intersecting conspiracies, orchestrated over several decades, to cause

him and others to suffer myriad harms. *See id*. at 5–72. He demands equitable relief and damages. *See id.* at 72–73.

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Consequently, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. Plaintiff's complaint is patently frivolous, falling squarely into this category.

Accordingly, the complaint, ECF No. 1, and this matter, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 10, 2025

*Tanya S. Chutkan*
_____
TANYA S. CHUTKAN
United States District Judge