# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MATTHEW JONES,                         )
                                       )
        Plaintiff,              )
                                       )    Civil Action No. 1:25-cv-00513 (UNA)
v.                                     )
                                       )
H STREET NW SUPERIOR COURT,            )
                                       )
        Defendant.              )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and his application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons discussed below, dismisses this matter without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Delaware, appears to sue the Superior Court of the District of Columbia. *See* Compl. at 1. Plaintiff contends that he was "working as a constituent like Ben Franklin is on the $100 bill, [and] [his] life was ended by violent and perverted attacks many times," at the D.C. Superior Court. *See id.* at 4, 6. He alleges that court staff and "judges in robes" committed violent acts against him and poisoned him "while [he] was in line to pass through the metal detector." *See id.* at 4. He then discusses "medicine used to raise the dead out of trees that

are at least two hundred fifty years old and the plants that only grow around them," and the "learned noises" that his wrongdoers "memorized to use as fatal weapons." *See id*. at 6. He demands $750,000 in damages. *Id*.

As here, the court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint satisfies this standard. In addition to failing to state a claim for relief, the complaint is deemed frivolous on its face. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 21, 2025

_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge