# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JOHN MICHAEL HASKEW,   )
           )
   Plaintiff,    )
           )  Civil Action No. 1:25-cv-01017 (UNA)
v.          )
           )
UNITED STATES OF AMERICA, et al., )
           )
   Defendants.   )

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and his application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and, for the reasons discussed below, dismisses this matter without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Here, plaintiff, a resident of Lakeland, Florida, sues the United States and the Coca-Cola Company. *See* Compl. at 1. He contends that, on January 20, 2024, he purchased a coin on eBay "that shows 'MCMXV WHAT WE SHALL DRINK COCA COLA 5©' and 'IN GOD WE TRUST UNITED STATES OF AMERICA FIFTY DOLLARS.'" *Id*. at 1; *see* Compl. Exhibit A (photograph of coin). Although defendant acknowledges "that the coin gives no right to have and drink Coca-Cola and the coin is not legal tender," *see* Compl. at 1, he nonetheless asks the court

to "declare that the coin entitles plaintiff to one thousand bottles of Coca-Cola from the year 1915 for five cents each," *see id.* at 2. The remainder is comprised of plaintiff's theorizations about Canada's sovereignty, the Royal Canadian Mint, the Panama-Pacific Exposition Coin Act, and the Constitutional Convention of 1787. *See id*. at 1–2.

Applicable here, the court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant complaint falls squarely into this category. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

For these reasons, the complaint, ECF No. 1, and this case, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date: April 28, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge