# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

BONTLE SIPHO KHOZA,                    )
                                       )
                   Plaintiff,          )
                                       )          Civil Action No. 1:25-cv-02931 (UNA)
v.                                     )
                                       )
DISTRICT OF COLUMBIA,                  )
                                       )
                   Defendant.          )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss an action at any time if it determines that it is frivolous.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, who associates with "omniverse industries," sues the District of Columbia and its "construction workers" and "industrialists." *See* Compl. at 1–3. He does not provide addresses for the Defendant, nor any of his own contact information beyond his email address, all of which contravenes D.C. Local Civil Rule 5.1(c)(1), (g). Plaintiff indicates that he is currently unhoused,

*see id.* at 1, and while the Court is certainly sympathetic to his circumstances, there is no way to communicate with Plaintiff regarding this case without some sort of address, particularly given his *pro se* status.

The allegations themselves fare no better, as they are largely, if not entirely, unintelligible. Plaintiff states, for example, that "the segment of events, later into the morning as the economic in social validation of individuals, I either pass or respond to in socio-networking of just being around other types of people, was direct of the rush in my own verbal as the non-verbal in anatomical commotion of my person, being violated using intellect and force." *Id.* at 4. The remainder of the Complaint consists of more of the same, namely, puzzling ruminations appearing to arise from Plaintiff's belief that individuals have infiltrated his mind and body, and causing him to experience "thought-provoking imagery of murder; manslaughter upon [his] being." *See id*. at 4–5. The relief sought is unclear.

As here, the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08. The instant Complaint falls squarely into this category.

Accordingly, the Complaint and this case are dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

Date: December 15, 2025

/s/ ANA C. REYES
United States District Judge