# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

STEPHEN CUMMINGS, )
            )
           Plaintiff, )
            )     Civil Action No. 1:25-cv-04357 (UNA)
v. )
            )
UNITED STATES OF AMERICA, et al. )
            )
           Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* Application, and for the reasons discussed below, dismisses this case without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of New York, has filed a 313-page prolix Complaint, by which he sues multiple defendants here, including, but not limited to, the United States, federal agencies and officials, film directors, and media companies. *See* Compl. at 1, 5–6. Plaintiff does not provide contact information for many of the Defendants, in contravention of D.C. Local Civil Rule 5.1(c)(1). The allegations fare no better, predicated on Plaintiff's belief in a widespread conspiracy executed against him by myriad wrongdoers, spanning several decades, borne from "personal acts

of vengeance."  *See generally* Compl. This "corrupt" and "evil" "enterprise" has allegedly manifested in, *inter alia*, Defendants' seeding of nefarious political motives, "shielding miscreants," attempting to murder Plaintiff, "defrauding" of both Plaintiff and "the public," defamation, theft of Plaintiff's identity, and appropriation of Plaintiff's intellectual property, more specifically, his creation of the movie "Titanic."  *See generally id*. He demands over $500 billion in damages and assorted equitable relief.  *See id*. at 66–69.

As here, the Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  The instant Complaint falls squarely into this category.

Accordingly, the Complaint and this case are dismissed without prejudice.  Plaintiff's other pending Motions, ECF Nos. 3, 4, 5, 6, 7, 9, 11, 13, 14, and 15 are all denied as moot. A separate Order accompanies this Memorandum Opinion.

Date:   March 12, 2026

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge