# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

TERENCE ROGER JAMES,      )
                )
      Plaintiff,      )
                )
      v.      )      Civil Action No.  1:26-cv-01026 (UNA)
                )
JOSEPH R. BIDEN,      )
                )
      Defendant.      )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2.  The Court grants the *in forma pauperis* application and, for the reasons explained below, dismisses the case under 28 U.S.C. § 1915(e)(2)(B)(i), by which the Court is required to dismiss a case "at any time" it determines that the action is frivolous.

Relevant here, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of the District of Columbia, sues President Biden.  *See* Compl. at 1–2.  He lists President Biden's address only as "California," in contravention of D.C. Local Civil Rule 5.1(c)(1).  *See id*. at 2.  The allegations themselves fare no better.  Plaintiff alleges that the "military used force to intimate" him via B-52 bombers that directed shots and "jet engine full throttle burn at close proximity, and chemical trails from military air craft aimed" at his home and church.  *See*

*id.* at 6.  Plaintiff alleges that President Biden "did not allow [him] to report [these] violations," which has affected his finances and wellbeing.  *See id.* at 4, 6.  He demands $340,000 in damages.  *See id*. at 4.

Plaintiff's allegations are frivolous, and the Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  Indeed, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  Plaintiff's allegations fall squarely into this category.

For these reasons, the Complaint, ECF No. 1, and this matter, are dismissed without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.


Date:   June 16, 2026


_Tanya S. Chutkan_
TANYA S. CHUTKAN
United States District Judge